IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: David Levesque | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Allied International Credit Corp. | ) | |
| 6800 Paragon Place | ) | |
| Suite 400 | ) | |
| Richmond, VA 23230 | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorney, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, David Levesque, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Allied International Credit Corp.. Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").
2. The FDCPA makes clear that within five days of any initial communication, a debt collector clearly state who the current creditor of the Debtor is. 15 U.S.C. Section 1692g

## APPLICABLE CASE LAW

3. In *Janetos vs. Fulton Friedman & Gullace, LLP* (No. 15-01859), (7th Cir., 2016), the Seventh Circuit Court of Appeals stated if a dunning letter fails to disclose the required language in 15 U.S.C. Section 1692g(a), it violates the FDCPA.
4. Said case stated "[T]o satisfy Section 1692g(a), the debt collector's notice must state the required information 'clearly enough that the receipient is likely to understand it.'" *Id.*

5. If an initial dunning letter fails to disclose the required information clearly, it violates the FDCPA, without further proof of confusion. *Id.*

6. 15 U.S.C. Section 1692g requires a debt collector to disclose to a consumer "the name of the creditor to whom the debt is owed," *Id.*

7. If a letter fails to disclose the required information clearly, it violates the act without further proof of confusion. *Id.*

8. The FDCPA requires the Debt Collector to identify "the creditor to whom the debt is owed." *Id.*

## JURISDICTION AND VENUE

9. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

10. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

11. Plaintiff, David Levesque (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

12. Plaintiff is a resident of the State of Illinois

13. Defendant, Allied International Credit Corp. ("Defendant"), is a Virginia business entity with an address of 6800 Paragon Place, Suite 400, Richmond, Virginia 23230 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

14. Unless otherwise stated herein, the term "Defendant" shall refer to Allied International Credit Corp..

## ALLEGATIONS

15. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $31.50 (the "Debt") to an original creditor (the "Creditor")

16. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
17. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
18. On March 29, 2016, Defendant sent an initial communication to Plaintiff. See Exhibit A.
19. The Upper left Caption stated: "REFERENCE NUMBER    3563643
    "FOR    EBAY
    "ACCOUNT NUMBER  208******** "
    See Exhibit A.
20. The opening paragraph of the letter states "[T]he above referenced account has been transferred to our office for collection. Our client's previous attempts to our office for collection. Our client's previous attempts to resolve this debt have proven unsuccessful." See Exhibit A.
21. At the bottom of said letter, Defendant states "[Y]our account balance may periodically increase due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as provided by law." See Exhibit A.
22. Said letter has introduced Ebay as a party with nothing more than "FOR" in front of it; nowhere did it state that it was the current creditor that Plaintiff owed.
23. Furthermore, the opening sentence states the account has been referred for collection rather the creditor's identity that Defendant is collecting on.
24. Finally, the letter becomes even more confusing in the last paragraph when the "original creditor" is introduced without stating who the original creditor is.
25. If the "original creditor" was ebay, any unsophisticated consumer would automatically believe ebay is not the current creditor.

26. This letter fails to clearly give the unsophisticated consumer the required notices under 15 U.S.C. Section 1692g.

## STANDING AND INJURY

27. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
28. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
29. The rights and obligations established by section 1692g were considered by the Senate at the time of passage to be a "significant feature" of the Act. "This provision [section 1692g] will eliminate the recurring problem of collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696,
30. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.
31. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
33. The Defendant's conduct violated 15 U.S.C. Section 1692g(a) by not stating clearly who the creditor was on this matter.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff